MANDOUR & ASSOCIATES, APC
Joseph A. Mandour (SBN 188896)
Email: jmanodur@mandourlaw.com
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Defendants,
DRONE WORLD, LLC AND STEPHEN PAUL MCKENNA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aerial West, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>Drone World, LLC, Stephen Paul McKenna, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 2:18-cv-02288-JAK-SS<br><br>**DEFENDANTS DRONE WORLD, LLC AND STEPHEN PAUL McKENNA'S ANSWER TO THE COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rule 12 and 38 of the Federal Rules of Civil Procedure, defendants Drone World, LLC and Stephen Paul McKenna, by and through counsel hereby respond to the complaint of plaintiff Aerial West, LLC, and demand a jury trial as follows:

# INTRODUCTION

Defendants admit Drone World, LLC ("Drone World") is operated by McKenna and that it has ordered Aerial West products. Defendants deny the remaining allegations of the Introduction paragraphs.

# THE PARTIES

1. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the complaint and on that basis deny said allegations.

2. Defendants admit Drone World LLC is a California limited liability company with an address at 22815 Savi Ranch, Parkway Unit E, Yorba Linda, California 92887. Defendants deny the remaining allegations of Paragraph 2. Defendants also allege that the allegations of Paragraph 2 are conclusions of law to which no response is necessary.

3. Defendants admit Stephen Paul McKenna is an individual. Defendants deny the remaining allegations of Paragraph 3. Defendants also allege that the allegations of Paragraph 3 are conclusions of law to which no response is necessary.

4. Denied.

# JURISDICTION AND VENUE

5. Defendants allege that the allegations of Paragraph 5 are conclusions of law to which no response is necessary. To the extent said allegations are factual in nature, defendants deny the allegations.

6. Defendants allege that the allegations of Paragraph 5 are conclusions of law to which no response is necessary. To the extent said allegations are factual in nature, defendants deny the allegations.

# GENERAL ALLEGATIONS

7. Denied.

8. Denied.

9. Denied.

10. Defendants admit Exhibit A speaks for itself.

11. Defendants admit McKenna contacted Drone World on July 23, 2017 and that Drone World ordered products from Aerial West. Defendants deny the remaining allegations.

12. Defendants admit Drone World ordered products from Aerial West. Defendants admit Drone World cancelled an order with Aerial West. Defendants deny the remaining allegations of Paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendants admit Aerial West has filed an application to register the MAVMOUNT trademark with the United States Patent and Trademark Office ("USPTO"). Defendants deny the remaining allegations of Paragraph 19.

## FIRST CLAIM OF RELIEF

20. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## SECOND CLAIM OF RELIEF

29. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

30. Denied.
31. Denied.
32. Denied.
33. Denied.
34. Denied.
35. Denied.
36. Denied.

## THIRD CLAIM OF RELIEF

37. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

38. Denied.
39. Denied.
40. Denied.

## FOURTH CLAIM OF RELIEF

41. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

42. Denied.
43. Denied.
44. Denied.

## FIFTH CLAIM OF RELIEF

45. Defendants incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth here.

46. Denied.
47. Denied.
48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Trademark Invalidity

Plaintiff's purported trademark "MAVMOUNT" is generic and/or merely descriptive as describing a mount to be used with a DJI **MAV**IC drone. Moreover, Plaintiff's use of MAVMOUNT has not established secondary meaning.

### Second Affirmative Defense: Trade Dress Invalidity

Plaintiff's purported trade dress is invalid, because product design trade dresses cannot be inherently distinctive as a matter of law. *Wal-Mart Stores Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 214 (2000). Additionally, the purported unregistered trade dress is invalid because it has not established secondary meaning and comprises entirely functional elements.

### Third Affirmative Defense: Non-Infringement

The claims made in Plaintiff's complaint are barred, in whole or in part, because defendants have not infringed any right of plaintiff.

### Fourth Affirmative Defense: Fair Use

The claims made in Plaintiff's complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

### Fifth Affirmative Defense: Waiver, Acquiescence, Estoppel and Laches

Plaintiff's claims are barred, in whole or in part, due to plaintiff's knowledge of defendants' actions and plaintiff's unreasonable delay in asserting its claims.

### Sixth Affirmative Defense: Unclean Hands

The purported claims alleged in the complaint are barred, in whole or in part, by the doctrine of unclean hands, including without limitation, plaintiff's invalid claims, statements, and allegations of counterfeiting. Since a counterfeit of plaintiff's product cannot exist as a matter of law under 15 U.S.C. § 1116(d)(1)(B)(i) as plaintiff's alleged trademark MAVMOUNT is unregistered.

### Seventh Affirmative Defense: Lack of Willfulness

The purported claims alleged in the complaint are barred, in whole or in part, because defendants' alleged actions were not willful.

### Eighth Affirmative Defense: Failure to Mitigate

To the extent that Plaintiff has suffered any damages, which Defendants specifically deny, Plaintiff has failed to mitigate its damages and thus Plaintiff is barred from recovering same.

### Ninth Affirmative Defense: Lack of Irreparable Harm

Plaintiff s claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' actions.

### Tenth Affirmative Defense: Lack of Damages

Without admitting that Plaintiff s complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant, and the relief prayed for in the complaint therefore cannot be granted.

### Eleventh Affirmative Defense: Statutory Damages Barred

Plaintiff's claims for statutory damages are barred as a matter of law per 15 U.S.C. §§ 1117(c) and 1116(d)(1)(B)(i) as plaintiff's alleged mark is unregistered.

### Twelfth Affirmative Defense: Punitive Damages Barred

Plaintiff's claims for punitive damages are barred as a matter of law under *Electronics Corp. of America v. Honeywell, Inc.*, 358 F.Supp. 1230, 1234-1235

(1973); *Fleischmann Distilling Corp. v. 19 Maier Brewing Co.*, 386 U.S. 714, 720 (1967); *See, also,* Restatement Third, Unfair 20 Competition § 36, comment "n" (1995).

### Reservation of Additional Defenses

Defendants reserve all affirmative defenses available under Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, or that may be asserted by plaintiff.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants request entry of judgment in their favor and against plaintiff as follows:

    a. Denying all relief sought by plaintiff in the complaint;

    b. Declaring the action to be exceptional and awarding defendants their attorneys' fees pursuant to 17 U.S.C. § 1117 or other related law; and

    c. Such other and relief as the Court deems just and appropriate.

Respectfully Submitted,

Dated: June 6, 2018

**MANDOUR & ASSOCIATES, APC**

/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Defendants,
DRONE WORLD, LLC and
STEPHEN PAUL MCKENNA

## JURY DEMAND

Counterclaimants demand a trial by jury of all issues so triable.

Respectfully Submitted,

Dated: June 6, 2018

**MANDOUR & ASSOCIATES, APC**

　　　/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Defendants,
DRONE WORLD, LLC and
STEPHEN PAUL MCKENNA

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF Filing System, which will serve electronic notice of the same on the following:

ROBERT W. DICKERSON, (SBN 89367)
*rdickerson@zuberlaw.com*
THOMAS F. ZUBER (SBN 226260*)*
*tzuber@zuberlaw.com*
MEREDITH A. SMITH (SBN 281120)
*msmith@zuberlaw.com*
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621
Attorneys for Plaintiff,
Aerial West, LLC

        /s/ Ben T. Lila
Ben T. Lila
Email: blila@mandourlaw.com