MANDOUR & ASSOCIATES, APC
Joseph A. Mandour (SBN 188896)
Email: jmanodur@mandourlaw.com
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Gordon E. Gray (SBN 175209)
Email: ggray@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300

Attorneys for Defendants/Counterclaimant,
DRONE WORLD, LLC AND STEPHEN PAUL MCKENNA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aerial West, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Drone World, LLC, Stephen Paul McKenna, and DOES 1-10, inclusive, <br><br> Defendants. <br><hr> Drone World, LLC and Stephen Paul McKenna, <br><br> Counterclaimants, <br><br> v. <br><br> Aerial West, LLC, <br><br> Counterdefendant. | Case No. 2:18-cv-02288-JAK-SS <br><br> **DEFENDANTS' DRONE WORLD, LLC AND STEPHEN PAUL MCKENNA'S COUNTERCLAIM AGAINST PLAINTIFF AERIAL WEST, LLC** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: March 20, 2018 |

Pursuant to Fed.R.Civ.P. 13, 14 and 38, Counterclaimants DRONE WORLD, LLC ("DRONE WORLD") and STEPHEN PAUL MCKENNA hereby allege their counterclaim against Counterdefendant AERIAL WEST, LLC as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of invalidity of trademark and trade dress pursuant to the Lanham Act, 15 U.S.C. §1051, *et seq.,* and Federal and California common law. Defendants seek a declaration that Plaintiff's trademark MAVMOUNT and alleged associated trade dress are invalid and Drone World further alleges a claim for breach of implied warranty of merchantability.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

## PARTIES

3. Counterclaimant Drone World, LLC ("Drone World") is a limited liability company organized and existing under the laws of the State of California having a principal place of business at 22815 Savi Ranch, Parkway Unit E, Yorba Linda, California 92887.

4. Counterclaimant Stephen Paul McKenna ("McKenna") is an individual residing in San Diego County, California.

5. On information and belief, Counterdefendant Aerial West, LLC, d.b.a. MavMount ("Aerial West") is a California corporation having its principal place of business at 834 15th Place #B, Hermosa Beach, California 90254.

## GENERAL ALLEGATIONS

6. On information and belief, Da-Jiang Innovations is a Chinese technology company headquartered in Shenzhen, Guangdong in the People's Republic of China. It does business as (and is best known as) "DJI" in the United States. DJI is a manufacturer of unmanned aerial vehicles, commonly known as "drones." One of its most popular drone product lines is referred to as the "MAVIC" series. *See* Exhibit 1 attached hereto.

7. On information and belief, DJI is the owner and/or has control over U.S. Trademark Reg. No. 5,229,553 for "MAVIC" for, *inter alia,* unmanned aerial vehicles ("UAVs") and accessories for UAVs.

8. Counterclaimant Drone World is the Internet's largest authorized dealer of DJI kits. Its Mavic ProMaxx Mod Kit, among other kits, has been featured twice in America's top selling drone magazine, Rotor Drone. Drone World kits have been used by National Geographic around the world and are frequently bought by dozens of highly discerning military contractors and its attention to detail while selecting accessories to pair with its kits is well known within the drone industry.

9. Counterdefendant Aerial West is a provider of mounts for DJI MAVIC series UAVs, namely MAV mounts. At all times, Counterdefendant held itself out as being a knowledgeable, experienced seller of its goods. On information and belief, Aerial West is not a licensee of DJI and does not have a license for the MAVIC trademark.

10. Drone World purchased certain mounts from Counterdefendant to be used with Drone World's most popular selling drone kit. During a period of approximately seven months, Drone World received a significant number of defective products from Counterdefendant.

11. Drone World continues to receive complaints related to product issues, returns for replacement or full refunds and a defect rate that is five times

higher than Drone World's worst performing drone accessory.

12. Drone World contacted Counterdefendant to remedy the continuing issue of defective products. Counterdefendant refused to provide any remedy to Drone World. As a result, Drone World was forced to buy replacement parts and products at its own expense to satisfy its customers who purchased the defective products of Counterdefendant.

13. As a result of the breakdown in the business relationship between the parties due to Counterdefendant's sub-par products, Counterdefendant began to assert that Counterclaimants were engaging in activities constituting violations of Counterdefendant's purported trademark and trade dress rights in the MAVMOUNT name. Counterclaimants dispute these claims.

14. Counterclaimants assert that the MAVMOUNT designation does not and cannot serve as trademark and that Counterdefendant lacks any associated trade dress.

15. Counterclaimants contend that the designation MAVMOUNT is weak, merely descriptive and/or generic and is not entitled to registration. Further, Counterclaimants contends that Counterdefendant lacks the exclusive right to use the designation MAVMOUNT.

16. Counterclaimants further contend that Counterdefendant lacks any purported rights in the alleged trade dress associated with the MAVMOUNT products as the products are wholly functional and/or lack distinctiveness.

### FIRST CLAIM OF RELIEF
**(Declaration of Invalidity of Trademark)**

17. Counterclaimants repeat and incorporate by reference the statements and allegations in paragraphs 1 to 16 of the counterclaim as though fully set forth herein.

18. Upon information and belief, Counterdefendant's threatened and

purported trademark MAVMOUNT is invalid because, *inter alia*, it does not indicate the source of a good or service, is generic, is descriptive, and/or lacks secondary meaning. Moreover, Counterdefendant is not the owner of the MAVIC trademark and, consequently, the alleged mark MAVMOUNT cannot and does not indicate the true source of goods associated with the mark.

19. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment.

20. A judicial declaration is necessary and appropriate so that Counterclaimants may ascertain their rights with respect to Counterdefendant's threatened trademark.

## SECOND CLAIM FOR RELIEF
**(Declaration of Invalidity of Trade Dress)**

21. Counterclaimants repeat and incorporate by reference the statements and allegations in paragraphs 1 to 20 of the counterclaim as though fully set forth herein.

22. Upon information and belief, Counterdefendant's threatened and purported trade dress is invalid because, *inter alia*, the alleged trade dress is wholly function and/or lacks acquired distinctiveness.

23. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment.

24. A judicial declaration is necessary and appropriate so that Counterclaimants may ascertain its rights with respect to Counterdefendant's threatened trade dress.

## THIRD CLAIM FOR RELIEF

### (Breach of Warranty of Merchantability by Drone World LLC)

25. Counterclaimant Drone World repeats and incorporates by reference the statements and allegations in paragraphs 1 to 24 of the counterclaim as though fully set forth herein.

26. Counterdefendant sold mounts for MAVIC series drones to Counterclaimant Drone World.

27. At the time of purchase, Counterdefendant was in the business of selling the goods purchased by Counterclaimant and held itself out as having special knowledge or skill regarding the goods purchased.

28. The products purchased were not of the same quality as those generally acceptable in the trade.

29. Counterclaimant took reasonable steps to notify Counterdefendant within a reasonable time that the products did not have the expected quality.

30. As a result of the acts described in the foregoing paragraphs, and the failure of Counterdefendant to provide the expected quality of products, these acts were a substantial factor in the harm suffered by Counterclaimant Drone World.

31. Counterclaimant Drone World suffered damages as a result of Counterdefendant's breach.

\\
\\
\\
\\
\\
\\
\\
\\

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants ask that this Court grant judgment against Counterdefendant for the following:

A. A declaration by the Court that Counterdefendant's purported trademark MAVMOUNT is invalid;

B. A declaration by the Court that Counterdefendant's purported trade dress is invalid;

C. That Counterdefendant be held liable to Counterclaimant Drone World for damages for breach of the warranty of merchantability;

D. Counterclaimants are awarded their reasonable attorneys' fees for prosecuting this action;

E. Counterclaimants recover its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law; and,

F. Counterclaimants receive all other relief the Court deems appropriate.

Dated: June 6, 2018        **MANDOUR & ASSOCIATES, APC**

                /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Defendants,
DRONE WORLD, LLC and
STEPHEN PAUL MCKENNA

## JURY DEMAND

Counterclaimants demand a trial by jury of all issues so triable.

Dated: June 6, 2018                **MANDOUR & ASSOCIATES, APC**

                                       /s/ Ben T. Lila
                                Ben T. Lila (SBN 246808)
                                Email: blila@mandourlaw.com
                                Attorneys for Defendants,
                                DRONE WORLD, LLC and
                                STEPHEN PAUL MCKENNA

# **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF Filing System, which will serve electronic notice of the same on the following:

ROBERT W. DICKERSON, (SBN 89367)
*rdickerson@zuberlaw.com*
THOMAS F. ZUBER (SBN 226260*)*
*tzuber@zuberlaw.com*
MEREDITH A. SMITH (SBN 281120)
*msmith@zuberlaw.com*
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621
Attorneys for Plaintiff,
Aerial West, LLC

          /s/ Ben T. Lila
Ben T. Lila
Email: blila@mandourlaw.com