ROBERT W. DICKERSON, (SBN 89367)
  *rdickerson@zuberlaw.com*
THOMAS F. ZUBER, (SBN 226260)
  *tzuber@zuberlaw.com*
MEREDITH A. SMITH, (SBN 281120)
  *msmith@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
350 S. Grand Avenue, 32nd Floor
Los Angeles, California 90071   USA
Telephone: +1 (213) 596-5620
Facsimile: +1 (213) 596-5621

Attorneys for Plaintiff and
Counterdefendant Aerial West, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| AERIAL WEST, LLC,<br><br>            Plaintiff and<br>            Counterdefendant,<br><br>      v.<br><br>DRONE WORLD, LLC, STEPHEN PAUL MCKENNA, and DOES 1-10, Inclusive,<br><br>            Defendants and<br>            Counterclaimants. | Case No. 2:18-cv-02288-JAK-SS<br><br>**AERIAL WEST, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM FOR DECLARATION OF INVALIDITY OF TRADEMARK, DECLARATION OF INVALIDITY OF TRADE DRESS, AND BREACH OF WARRANTY OF MERCHANTABILITY** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Plaintiff and Counterdefendant Aerial West, LLC ("Counterdefendant") hereby responds to the Counterclaim filed by Defendants and Counterclaimants Drone World, LLC, and Stephen Paul McKenna ("Counterclaimants"), using like-numbered paragraphs.  If an allegation is not specifically admitted, it is hereby denied.

///

///

///

## ANSWER TO THE COUNTERCLAIM

### NATURE OF THE ACTION

1. No response is required for Paragraph 1 because it contains legal assertions or legal conclusions. To the extent that a response is required, Counterdefendant admits this Counterclaim asserts that it arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Federal and California common law, but denies that the Counterclaim states valid claims under those laws.

### JURISDICTION AND VENUE

2. No response is required for Paragraph 2 because it contains legal assertions or legal conclusions. To the extent that a response is required, Counterdefendant admits this Court has subject matter jurisdiction over this Counterclaim.

### PARTIES

3. Answering Paragraph 3, Counterdefendant admits the allegations thereof.

4. Answering Paragraph 4, Counterdefendant lacks knowledge or information sufficient to form a belief about the truth of its allegations.

5. Answering Paragraph 5, Counterdefendant denies that it is a corporation, and admits the remaining allegations.

### GENERAL ALLEGATIONS

6. Answering Paragraph 6, Counterdefendant admits on information and belief that Da-Jiang is a Chinese company that does business as DJI in the United States, and that it manufactures and sells products commonly referred to as "drones," that include the "Mavic" series in addition to others. Except as admitted, Counterdefendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

7. Answering Paragraph 7, Counterdefendant admits on information and belief that a company by the name of SZ DJI Technology Co., Ltd. is listed on the United States Patent and Trademark Office database as one of the registrants for a

2

MAVIC trademark, including Registration No. 5,229,553 for "goods and services" that include "unmanned aerial vehicles (UAVs)" and "Accessories for robotic aircraft," among many others.  Except as expressly admitted, Counterdefendant denies any other allegations.

8.     Answering Paragraph 8, Counterdefendant lacks knowledge or information sufficient to form a belief about the truth of its allegations.

9.     Answering Paragraph 9, Counterdefendant admits and avers that it has designed, sold and sells products under its MAVMOUNT trademark and according to its trade dress as alleged in the Complaint in this matter (incorporated herein by reference); and that it is knowledgeable about and experienced with the products it sells; Counterdefendant denies the remaining allegations, and specifically denies that the term "mav mount" is a generic or descriptive term; that "MAV" is a commonly used term and understood to refer to "drones," and that Counterclaimants' use of Counterdefendant's trademark MAVMOUNT was a generic, descriptive or fair use of Counterdefendant's MAVMOUNT trademark; Counterdefendant also avers that its products are not a "mount" for a drone or any other vehicle, manned or unmanned.

10.     Answering Paragraph 10, Counterdefendant admits that Counterclaimant Drone World purchased authentic MAVMOUNT brand products from Counterdefendant; and denies the remaining allegations, and specifically denies that it sold products that had a defective design, manufacture or function to Counterclaimant Drone World or to any other customer; and Counterdefendant avers that Counterclaimants' counterfeiting conduct in slavishly copying the trade dress of Counterdefendant's MAVMOUNT products, and selling those counterfeit products under the trademark MAVMOUNT, belie the allegations in this paragraph -- why would Counterclaimants want to sell counterfeits of a product they now allege to be "defective"?

11.     Answering Paragraph 11, Counterdefendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained

3

1   therein; but avers that its own return rate has been miniscule; and further avers that

2   Counterclaimants' counterfeiting conduct in slavishly copying the trade dress of

3   Counterdefendant's MAVMOUNT products, and selling those counterfeit products

4   under the trademark MAVMOUNT, belie the allegations in this paragraph -- why

5   would Counterclaimants want to sell counterfeits of a product they now allege to be

6   "defective" and were subject to the alleged high return rate?

7        12.     Answering Paragraph 12, Counterdefendant denies each and every

8   allegation contained therein; and avers that Counterclaimants did not raise the issues

9   alleged before cancelling their order for more authentic MAVMOUNT brand

10  products as alleged in the Complaint (incorporated herein by reference) or before the

11  Complaint was filed, and further avers that Counterclaimants' counterfeiting

12  conduct in slavishly copying the trade dress of Counterdefendant's MAVMOUNT

13  products, and selling those counterfeit products under the trademark MAVMOUNT,

14  belie the allegations in this paragraph -- why would Counterclaimants want to sell

15  counterfeits of a product they now allege to be "defective"?

16       13.     Answering Paragraph 13, Counterdefendant denies its allegations; and

17  avers that Counterdefendant's allegations against Counterclaimants arose long after

18  Counterclaimants cancelled their order for more authentic MAVMOUNT brand

19  products from Counterdefendant, and were in response to Counterclaimants'

20  counterfeiting activities.

21       14.     Answering Paragraph 14, Counterdefendant admits that

22  Counterclaimants make the assertions stated, but denies that the assertions have

23  merit; and avers that the assertions have not been made in good faith, but merely as

24  a baseless, knee-jerk reaction to the Complaint.

25       15.     Answering Paragraph 15, Counterdefendant admits that

26  Counterclaimants make the assertions stated, but denies that the assertions have

27  merit; and avers that the assertions have not been made in good faith, but merely as

28  a baseless, knee-jerk reaction to the Complaint.

16.     Answering Paragraph 16, Counterdefendant admits that Counterclaimants make the assertions stated, but denies that the assertions have merit; and avers that the assertions have not been made in good faith, but merely as a baseless, knee-jerk reaction to the Complaint.

## RESPONSE TO FIRST CLAIM OF RELIEF

### (Declaration of Invalidity of Trademark)

17.     Counterdefendant incorporates by reference Paragraphs 1-16, as though fully set forth herein.

18.     Answering Paragraph 18, Counterdefendant denies each and every allegation contained therein.

19.     Answering Paragraph 19, Counterdefendant admits there is a substantial controversy as between the parties (*see* the Complaint incorporated herein by reference); but denies that there is a good faith controversy as to the allegations of the Counterclaims.

20.     Answering Paragraph 20, Counterdefendant admits that it has filed a Complaint against Counterclaimants seeking judicial relief, but denies that Counterclaimants are entitled to any relief on their Counterclaims, which Counterdefendant avers are meritless as alleged above.

## RESPONSE TO SECOND CLAIM FOR RELIEF

### (Declaration of Invalidity of Trade Dress)

21.     Counterdefendant incorporates by reference Paragraphs 1-20, as though fully set forth herein.

22.     Answering Paragraph 22, Counterdefendant denies each and every allegation contained therein.

23.     Answering Paragraph 23, Counterdefendant admits there is a substantial controversy as between the parties (*see* the Complaint, incorporated herein by reference); but denies that there is a good faith controversy as to the allegations of the Counterclaims.

5

24.     Answering Paragraph 24, Counterdefendant admits that it has filed a Complaint against Counterclaimants seeking judicial relief, but denies that Counterclaimants are entitled to any relief on their Counterclaims, which Counterdefendant avers are meritless as alleged above.

### RESPONSE TO THIRD CLAIM FOR RELIEF

**(Breach of Warranty of Merchantability by Drone World LLC)**

25.     Counterclaimants incorporate by reference Paragraphs 1-24, as though fully set forth herein.

26.     Answering Paragraph 26, Counterdefendant admits that it sold to Counterclaimants products under Counterdefendant's MAVMOUNT trademark; avers that its products are not a "mount" for a drone or any other vehicle, manned or unmanned; and denies all other allegations.

27.     Answering Paragraph 27, Counterdefendant admits that Counterdefendant was and is in the business of selling MAVMOUNT brand products that it designed, and considers itself to be knowledgeable about those products; Counterdefendant lacks information or belief as to what Counterclaimants mean by the phrase "special knowledge or skill" and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Counterdefendant "held itself out as having special knowledge or skill regarding the goods purchased."  Except as expressly admitted herein, Counterdefendant denies each and every other allegation.

28.     Answering Paragraph 28, Counterdefendant denies each and every allegation contained therein.

29.     Answering Paragraph 29, Counterdefendant denies each and every allegation contained therein.

30.     Answering Paragraph 30, Counterdefendant denies each and every allegation contained therein.

///

2700-1002 / 1245634.1

31.     Answering Paragraph 31, Counterdefendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Counterdefendant pleads the following separate defenses.  Counterdefendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and first affirmative defense to the Counterclaim, and to each purported claim for relief set forth therein, Counterdefendant alleges that the Counterclaim fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (No Injury or Damage)

As a separate and second affirmative defense to the Counterclaim and each purported claim for relief contained therein, Counterdefendant alleges that Counterclaimants have not been injured or damaged as a proximate result of any act or omission for which Counterdefendant is responsible.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

As a separate and third affirmative defense to the Counterclaim and each purported claim for relief contained therein, Counterdefendant alleges that as a result of their own acts and/or omissions, Counterclaimants have waived any right which they may have had to recover, and/or are estopped from recovering, any relief sought against Counterdefendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and fourth affirmative defense to the Counterclaim and each purported claim for relief contained therein, Counterdefendant alleges that

7

1  Counterclaimants are barred in whole or in part from prosecuting the purported

2  claims for relief set forth in the Counterclaim by the doctrine of unclean hands.

3  ### FIFTH AFFIRMATIVE DEFENSE

4  ### (Willfulness)

5  As a separate and fifth affirmative defense to the Counterclaim and each

6  purported claim for relief contained therein, Counterdefendant alleges that

7  Counterclaimants, in bringing their Counterclaim, have acted willfully, maliciously,

8  and in bad faith, entitling Counterdefendant to a dismissal of the Counterclaim

9  against it and to recovery of Counterdefendant's attorney's fees.

10  ### PRAYER FOR RELIEF

11  WHEREFORE, Counterdefendant prays for relief as follows:

12  1.    that the Counterclaim be dismissed, with prejudice and in its entirety;

13  2.    that Counterclaimants take nothing by reason of this Counterclaim and

14  that judgment be entered against Counterclaimants and in favor of

15  Counterdefendant;

16  3.    that Counterdefendant be awarded its costs and attorney fees incurred

17  in defending this action; and

18  4.    that Counterdefendant be granted such other and further relief as the

19  Court may deem just and proper.

20

21  Dated:  June 27, 2018                    Respectfully submitted,

22                                          **ZUBER LAWLER & DEL DUCA LLP**

23                                          ROBERT W. DICKERSON
                                            THOMAS F. ZUBER

24                                          MEREDITH A. SMITH

25

26                              By:    */s/ Robert W. Dickerson*

27                                      Attorneys for Plaintiff and
                                        Counterdefendant Aerial West, LLC

28

8