Roland Tong (State Bar No. 216836)
 *rjt@manningllp.com*
Jessica Rosen (State Bar No. 294923)
 *jwr@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants and
Counterclaimants DRONE WORLD, LLC
and STEPHEN PAUL McKENNA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AERIAL WEST, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>DRONE WORLD, LLC, STEPHEN PAUL McKENNA, and DOES 1-10, Inclusive,<br><br>          Defendants.<br><br>DRONE WORLD, LLC, STEPHEN PAUL McKENNA,,<br><br>          Counterclaimants,<br><br>     v.<br><br>AERIAL WEST, LLC,<br><br>          Counterdefendant. | Case No. 2:18-cv-02288-JAK-SS<br><br>**NOTICE OF EX PARTE MOTION AND EX PARTE CONSENT MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DRONE WORLD, LLC AND STEPHEN PAUL McKENNA AND EX PARTE CONSENT MOTION TO STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROLAND TONG, ESQ.**<br><br>*Filed concurrently with Proposed Order*<br><br>Date:   Ex Parte<br>Time:   Ex Parte<br>Place:   Courtroom 10B<br>Judge:   Hon. John A. Kronstadt<br><br>Trial Date:     None Set |

**TO AERIAL WEST LLC AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** the undersigned counsel for Defendants and Counterclaimants Stephen McKenna and Drone World, LLC (collectively "Defendants") will and hereby do move ex parte for an order permitting Roland Tong, Jessica Rosen, and the law firm of Manning & Kass, Ellrod, Ramirez, Trester

1 LLP ("Counsel") to withdraw as counsel of record and to stay proceedings for sixty
2 (60) days while Defendants retain counsel. The undersigned believes this matter is
3 appropriate for determination on the papers and that a hearing is not necessary.
4 Exceptional circumstances exist because the next available hearing date is not
5 available until April 29, 2019 and several deadlines in this case fall before the
6 hearing date.
7 In the alternative, and to the extent the Court desires to set this matter for
8 hearing, the undersigned requests that this matter either be heard on shortened notice
9 on a date convenient to the Court or on regular notice on April 29, 2019, or as soon
10 thereafter as this matter may be heard by the above-entitled Court, in Courtroom
11 10B of the United States District Court for the Central District of California, located
12 at 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012
13 The undersigned counsel met and conferred with Plaintiff's counsel on
14 February 11, 2019 and Plaintiff's counsel expressed his consent to the withdrawal
15 and the temporary stay of proceedings. However, despite Plaintiff's counsel's
16 consent, the relief requested can only be granted by the Court rather than by
17 stipulation or agreement of the parties. In view of the ex parte nature of the motion,
18 undersigned counsel has also served a copy of this motion on opposing counsel and
19 Defendants by email.
20 This Motion will be made on the grounds that the Defendants have chosen to
21 terminate their attorney-client relationship with their Counsel.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4812-4771-2392.1

2

Case No. 2:18-cv-02288-JAK-SS

**NOTICE OF EX PARTE MOTION AND EX PARTE CONSENT MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DRONE WORLD, LLC AND STEPHEN PAUL McKENNA AND EX PARTE CONSENT MOTION TO STAY PROCEEDINGS**

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Roland Tong, Esq. filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  February 12, 2019          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Roland Tong_____
Roland Tong
Attorneys for Defendants and
Counterclaimants DRONE WORLD, LLC
and STEPHEN PAUL McKENNA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The undersigned counsel for Defendants and Counterclaimants Stephen McKenna and Drone World, LLC (collectively "Defendants") files this ex parte motion for an order permitting Roland Tong, Jessica Rosen, and the law firm of Manning & Kass, Ellrod, Ramirez, Trester LLP ("Counsel") to withdraw as counsel of record because Defendants have elected to release them as their attorneys. Defendants notified their Counsel of their decision to terminate the attorney-client relationship on February 10, 2019 and instructed their Counsel to immediately stop working for them. Tong Decl. ¶¶ 4. The following day, Roland Tong and Jessica Rosen met and conferred with Robert Dickerson, counsel for Aerial West, regarding this motion to withdraw and motion to stay proceedings. Tong Decl. ¶¶ 5.

Mr. Dickerson indicated plaintiff would consent to the withdrawal of counsel. He also indicated that plaintiff would consent to a temporary stay of proceedings (not to exceed 60 days) that will be lifted upon the Defendants' hiring of a substitute counsel, or upon the request of any party, and provided that all current scheduling dates be extended by the Court commensurate with the length of the stay. Tong Decl. ¶¶ 6.

Since parties cannot stipulate to the withdrawal of counsel and this court's permission is required, the undersigned counsel looked into the court's calendar to see when this court can hear these motions. Tong Decl. ¶¶ 7. Based on the court's calendar, the earliest date these motions can be heard is April 29, 2019. Tong Decl. ¶¶ 8. The parties are presently engaged in discovery and no trial date has been issued. Tong Decl. ¶¶ 9. Several deadlines in this proceeding are fast approaching. For instance, the deadline for the initial designation of experts is on March 11, 2019, designation of rebuttal experts is due on March 25, 2019, and expert discovery cutoff and deadline to file all motions is on April 8, 2019. Tong Decl. ¶¶ 10.

1  If these motions are not heard on an ex parte basis or before April 29, 2019,
2  the deadlines for the initial designation of experts, designation of rebuttal experts,
3  expert discovery cutoff, deadline to file all motions, and deadline to file the post-
4  discovery Status Report, will all pass.  Tong Decl. ¶¶11.  Since Counsel cannot
5  ethically continue representation in this matter and Defendants will miss the above
6  deadlines, exceptional circumstances warrant this court to take these motions ex
7  parte or before April 29, 2019.

8  Defendants have not hired a substitute counsel. Tong Decl. ¶¶ 12.  The
9  undersigned counsel has advised Defendants that while Mr. McKenna can proceed
10 *in pro per*, Drone World cannot appear *pro se*.  Tong Decl. ¶¶ 13.  Mr. Tong further
11 advised the Defendants of the consequences of Drone World's inability to appear
12 *pro se*.  Tong Decl. ¶¶ 14.

## II.
## ARGUMENT

**A.  The Rules of Professional Conduct Mandate Counsel to Seek This Court's Permission to Withdraw.**

The California Rules of Professional Conduct Rule 1.16(a) states that except as stated in paragraph (c), a lawyer …, where representation has commenced, shall withdraw from the representation of a client if…(4) the client discharges the lawyer. Paragraph (c) of Rule 1.16 states that if permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission.  Since the Defendants have discharged their Counsel, Counsel is now seeking this Court's permission to terminate the representation, as mandated by the Rules of Professional Conduct.

**B.  This Motion to Withdraw Complies With the Local Rules and Is For Good Cause.**

The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See, e.g., Huntington Learning Ctrs., Inc. v. Educ.*

*Gateway, Inc.*, 2009 WL 2337863 at *1 (C.D. Cal. June 28, 2009). Under the local rules of this Court, "[a]n attorney may not withdraw as counsel except by leave of court." L.R. 83-2.3.2; *see also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal.1992). "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action," and must be for good cause. L.R. 83-2.3.2. However, "[a]n attorney requesting leave to withdraw from representation of an organization of any kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) must give written notice to the organization of the consequences of its inability to appear pro se." L.R. 83-2.3.4.

Defendants have decided to terminate their Counsel's representation. Counsel have given written notice to the Defendants and the Plaintiff's counsel about this motion to withdraw. Counsel additionally have given written notice to Drone World of the consequences of its inability to appear pro se. The prohibition against corporate self-representation does not prevent a court from granting a motion to withdraw as attorney of record, even if it leaves the corporation without representation. *See e.g., Ferruzzo v. Superior Court*, 104 Cal.App.3d 501, 504 (1980). Counsel's motion to withdraw is compliant with the local rules. Moreover, the Rules of Professional Conduct mandates that Counsel withdraw after seeking and obtaining permission from this Court.

**C.    The Court Should Stay the Proceedings for a Period of Sixty (60) Days or Until Defendants Retain New Counsel, Whichever Occurs First, To Avoid Foreseeable Prejudice to Defendants**

The Court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (when there is an independent proceeding related to a

matter before the trial court, the court may "find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case").  In determining whether to stay an action, this Court must weigh competing interests. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Among these competing interests are (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* (citing *Landis*, 299 U.S. at 254-55).

Courts in the Central District have concluded that granting a short stay of proceedings to allow counsel to withdraw to avoid ethical violations and to afford the litigant to retain new counsel is appropriate. *See Bekins v. Zheleznyak*, No. 2:15-cv-04478-CAS(ASx), 2016 U.S.Dist.LEXIS 91727, at *3-4, fn. 2 (C.D.Cal. July 14, 2016). ("Given that the continued involvement of Withdrawing Counsel in this matter would appear to pose an ethical violation, the Court finds that it must grant Withdrawing Counsel's motion, notwithstanding any potential delay to these proceedings.") As discussed above, in light of Defendants election to terminate undersigned counsel, Counsel cannot ethically continue representation in this matter.

Moreover, while Defendant McKenna would be able to proceed *pro se*, Defendant Drone World LLC cannot. Thus, to avoid hardship and inequity that Defendant Drone World LLC in particular would suffer if required to go forward, i.e., the potential of Drone World's answer being struck and a default entered, a short stay is warranted. The requested stay would only occur for as long as a necessary, that is the earlier of (1) sixty (60) days to afford Defendants to retain new counsel or (2) the date upon which Defendants retain new counsel. The orderly course of justice will not be disturbed as trial has not yet been set in this matter so

1 the parties can resume litigation at the latest sixty (60) days from entry of an order
2 granting undersigned counsel leave to withdraw. Finally, there is no possible
3 damage, harm, or prejudice to Plaintiff if the Court grants this reasonable request for
4 a stay of proceedings, as Plaintiff agrees to a reasonable stay of proceedings so long
5 as Plaintiff has the opportunity to request that this Court lift the stay if
6 circumstances support such request.

**D.    The Granting of the Leave to Withdraw Coupled with the Granting of the Stay of Proceedings Will Afford Reasonable Protection to the Parties Against Foreseeable Prejudice and Will Not Unreasonably Delay the Prosecution of This Action to Completion**

District courts in the Ninth Circuit consider "several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay." *Marshall,* 2016 WL 1312012 *1 (quoting *Arch v. Ins. Co. v. Sierra Equipment Rental, Inc.,* 2016 WL 829208 *1 (E.D. Cal. March 3, 2016)).

Counsel cannot ethically continue representation in this matter as Defendants have terminated them. Plaintiff's counsel consents to this motion to withdraw and also consents to a temporary stay of proceedings until Defendants find a substitute counsel. Tong Decl. ¶¶ 6 The parties are presently engaged in discovery and not trial date has been issued. Tong Decl. ¶¶ 9. Several deadlines in this proceeding are fast approaching. For instance, the deadline for the initial designation of experts is on March 11, 2019, designation of rebuttal experts is due on March 25, 2019, expert discovery cutoff and deadline to file all motions is on April 8, 2019. Tong Decl. ¶¶ 10.

By staying this proceeding for at least sixty (60) days or until Defendants retain new counsel, whichever occurs earlier, it will stop the discovery clock from ticking thereby allowing the parties to have adequate time to complete their discoveries as soon as the Defendants find a substitute counsel. By staying this proceeding, the Parties will avoid missing the deadlines for the initial designation of

experts, designation of rebuttal experts, expert discovery cutoff, deadline to file all motions, and deadline to file the post-discovery Status Report.  Granting the motion to withdraw as well as the motion to stay will ensure that the litigants will not be prejudiced.  A sixty day stay would not unreasonably delay the prosecution of this action.

### III.
### IN THE ALTERNATIVE, THE COURT SHOULD STAY PROCEEDINGS PENDING RESOLUTION OF THIS MOTION

As discussed above, Counsel cannot ethically continue the representation of Defendants in light of Defendants decision to terminate the representation. If the Court determines that ex parte relief is not appropriate, and that a hearing be held on the first available date of the Court's calendar, which is April 29, 2019, Defendants and Counsel request that the Court stay proceedings pending resolution on the motion. Staying such proceedings will prevent any prejudice to Defendants and in particular Drone World LLC during the time in which Counsel cannot represent Defendants. Such stay would also provide Defendants the time necessary to retain new counsel. If Defendants retain new counsel prior to resolution of this motion, the instant request for leave to withdraw as counsel would become moot and any stay lifted.

///
///
///
///
///
///
///
///
///

## IV.

## CONCLUSION

For the foregoing reasons, Counsel respectfully requests that the present ex parte application for an Order to withdraw be granted and their names be deleted as named counsel of record for the Defendants. Counsel further requests that the Court temporarily stay the proceedings for the earlier of sixty (60) days to allow Defendants to find substitute counsel or the date Defendants' new counsel appears. In the alternative, Counsel respectfully requests that the Court stay proceedings pending resolution of the instant request should the Court determine a hearing is necessary.

DATED: February 11, 2019      Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:     /s/ Roland Tong
Roland Tong
Attorneys for Defendants DRONE WORLD, LLC and STEPHEN PAUL McKENNA

10

Case No. 2:18-cv-02288-JAK-SS

**NOTICE OF EX PARTE MOTION AND EX PARTE CONSENT MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DRONE WORLD, LLC AND STEPHEN PAUL McKENNA AND EX PARTE CONSENT MOTION TO STAY PROCEEDINGS**

## DECLARATION OF ROLAND TONG

1. I, Roland J. Tong, declare I have personal knowledge of the following, and if called upon to do so, could and would testify competently to the matters contained herein.

2. I am an attorney admitted to practice law in all of the courts of the State of California and the Central District of California.

3. I am counsel of record for Mr. Stephen Paul McKenna and Drone World, LLC. Mr. McKenna is my sole contact for Drone World, LLC.

4. Defendants notified my associate, Jessica Rosen, and I of their decision to terminate the attorney-client relationship on February 10, 2019 and instructed us to immediately stop working for them.

5. The following day, Jessica Rosen and I met and conferred with Robert Dickerson, counsel for Aerial West, regarding this motion to withdraw and motion to stay proceedings.

6. Mr. Dickerson indicated plaintiff he would consent to the withdrawal of counsel. He also indicated that plaintiff would consent to a temporary stay of proceedings (not to exceed 60 days) that will be lifted upon the Defendants' hiring of a substitute counsel, or upon the request of any party, and provided that all current scheduling dates be extended by the Court commensurate with the length of the stay.

7. Since parties cannot stipulate to the withdrawal of counsel and this court's permission is required, I looked into the court's calendar to see when this court can hear these motions.

8. Based on the court's calendar, the earliest date these motions can be heard is April 29, 2019.

9. The parties are presently engaged in discovery and no trial date has been issued.

1  10. Several deadlines in this proceeding are fast approaching. For instance,
2  the deadline for the initial designation of experts is on March 11, 2019, designation
3  of rebuttal experts is due on March 25, 2019, expert discovery cutoff and deadline to
4  file all motions is on April 8, 2019.

5  11. If these motions are not heard on an ex parte basis or before April 29,
6  2019, the deadlines for the initial designation of experts, designation of rebuttal
7  experts, expert discovery cutoff, deadline to file all motions, and deadline to file the
8  post-discovery Status Report, will all pass.

9  12. Defendants have not hired a substitute counsel.

10  13. The undersigned counsel has advised Defendants that while Mr.
11  McKenna can proceed in pro per, Drone World cannot appear pro se.

12  14. I further advised the Defendants of the consequences of Drone World's
13  inability to appear pro se.

14  I declare under penalty of perjury that the foregoing is true and correct.
15  Executed this 12th day of February 2019 at Irvine, California

/s/ Roland Tong
Roland Tong
Attorneys for Defendants DRONE WORLD, LLC and STEPHEN PAUL McKENNA