FILED
CLERK, U.S. DISTRICT COURT

6/9/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AERIAL WEST, LLC, | Case No. 2:18-cv-02288-JAK (PJWx) |
| Plaintiff, | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| DRONE WORLD, LLC, STEPHEN PAUL MCKENNA, and DOES 1-10, Inclusive, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM. | |

The parties, by their respective counsel, have submitted a Stipulation for Entry of Judgment and Permanent Injunction (the "Stipulation" (Dkt. 118)). Pursuant to the Stipulation, judgment is entered as follows:

1.    On March 20, 2018, plaintiff Aerial West, LLC ("Aerial West" or "Plaintiff"), a California limited liability company, filed its complaint ("Complaint") (Dkt. 1) in the above captioned action against Drone World, LLC ("Drone World"), a California limited liability company), Stephen Paul McKenna ("McKenna"), an individual residing in

1   California and the owner/manager of defendant Drone World, and Does 1
2   to 10.

3   2.   No Doe defendant nor other defendant was added to the case, such that
4   the only defendants in the case at this time are Drone World and
5   McKenna (jointly, "Defendants").

6   3.   Defendants answered the Complaint on June 6, 2018 (Dkt. 22), denying
7   the material allegations of the Complaint, and asserting affirmative
8   defenses.  Defendants separately filed Counterclaims against Aerial West
9   on June 6, 2018.

10   4.   Plaintiff answered the Counterclaims on June 27, 2018 (Dkt. 29),
11   denying all material allegations and asserting affirmative defenses.

12   5.   The Complaint asserted claims for relief for False Designation of Origin;
13   Common Law Trademark Infringement; False Advertising and Unfair
14   Competition under Cal. Bus. & Prof. Code §§17200 *et seq.*; Unfair
15   Competition (Common Law); and Unjust Enrichment.

16   6.   Plaintiff's claims for relief related to its trademark MAVMOUNT which
17   it was using in interstate commerce for a drone control adapter, and also
18   to the trade dress for that product (the shape, style and overall appearance
19   of Plaintiff's MAVMOUNT adaptor).

20   7.   Plaintiff's Complaint alleges that Defendants copied and used, and thus
21   had willfully infringed both the MAVMOUNT trademark and Plaintiff's
22   trade dress in its drone control adapter by selling a competitive product
23   under and in connection with the MAVMOUNT trademark, and which
24   copied the trade dress of Plaintiff's MAVMOUNT product.

25   8.   Photographs showing side-by-side comparisons of Plaintiff's and
26   Defendants' respective products and Defendants' packaging:

27

28



Aerial West Product                Drone World Product





Aerial West Product                Drone World Product




Aerial West Product                    Drone World Product



Aerial West Product



Drone World Product



Aerial West Product    Drone World Product



Aerial West Product                    Drone World Product



Drone World Packaging



Drone World Packaging



Drone World Packaging



Drone World Packaging

9.      Plaintiff sought compensatory damages, punitive damages, and attorney fees and costs.

10.    Defendants' Counterclaims alleged claims for invalidity of Plaintiff's MAVMOUNT trademark, invalidity of the trade dress of Plaintiff's MAVMOUNT product, and breach of the warranty of merchantability.

11.    The MAVMOUNT® trademark, registered on the Principal Register of the United States Patent and Trademark Office (Registration No. 5784704), is neither generic nor descriptive, and is a protectible, valid and enforceable trademark.  Plaintiff owns all right, title and interest in the MAVMOUNT® trademark, and has standing to bring suit for infringement of that mark.

12.    Defendants infringed upon the MAVMOUNT® trademark by, without authorization from Plaintiff, marketing, advertising, offering for sale and selling a product under and in connection with the MAVMOUNT trademark.

13.    The shape, style and overall appearance of Plaintiff's MAVMOUNT® product as shown in the photographs in paragraph 8 constitutes a protectible, valid and enforceable trade dress that is distinctive and has acquired secondary meaning (the "MAVMOUNT Trade Dress").  Plaintiff owns all right, title and interest in the MAVMOUNT Trade Dress, and has standing to bring suit for infringement thereof.

14.    Defendants infringed the MAVMOUNT Trade Dress by, without authorization from Plaintiff, marketing, advertising, offering for sale and selling a product whose shape, style and overall appearance were confusing similar to the MAVMOUNT Trade Dress.

15.    Plaintiff has been damaged by this infringement, which Plaintiff alleges is in excess of $200,000, not including attorney fees and costs.

16.   In light of the above, good cause exists for Defendants Drone World and McKenna, and their respective agents, servants, employees, heirs, assigns, and all other persons acting in concert with or in participation with them to be permanently restrained and enjoined, and they are hereby permanently restrained and enjoined, from each, any and all of the following acts:

a.   Using the MAVMOUNT® trademark or any confusingly similar mark in connection with any of their current or future business activities or in any way that might create a likelihood of confusion with the consuming public, or suggest any affiliation, license or other grant of rights from Plaintiff to Defendants in or to the MAVMOUNT® trademark.

b.   Using any product design that is confusingly similar to the MAVMOUNT Trade Dress in connection with any of their current or future business activities, or in any way that might create a likelihood of confusion with the consuming public, or suggest any affiliation, license or other grant of rights from Plaintiff to Defendants in or to the MAVMOUNT trade dress.

c.   Assisting, aiding, or abetting any person or business entity in engaging or performing any of the activities described in subparagraphs (a) and (b) above.

17.   Plaintiff and Plaintiff's MAVMOUNT® product did not breach any Warranty of Merchantability.  Defendants' counterclaims are dismissed with prejudice.

18.   This Consent Judgment and Permanent Injunction is final, resolves all issues in this case, and may not be appealed by any party.

19.   Each party is to bear its own attorney's fees and costs.

20. This Court, including Magistrate Judge Walsh, retains jurisdiction of the subject matter and of the parties to enforce this Consent Judgment and Permanent Injunction and the parties' Settlement Agreement.

21. All future dates, including the Pretrial Conference and Trial, are hereby **VACATED**.

   **IT IS SO ORDERED.**

Dated: June 9, 2020

By: _____
        John A. Kronstadt
        United States District Judge